# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**KIMBERLY WATSON,** *et al.,*

    **Plaintiffs,**

    **v.**                                                           **Civil Action No. 2:25cv442**

**JOHN DOE,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

Before the Court are two motions in this action brought under the Virginia Wrongful Death Act, Va. Code § 8.01-50 *et seq*. The first is Defendants' John Doe, ASI Transport, LLC, and All-Span Inc.'s (collectively, "Defendants") Motion to Dismiss and memorandum in support, filed on September 22, 2025. ECF Nos. 10-11. Defendants seek dismissal of this case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that Plaintiffs Kimberly Watson and Ashley Dutton were not properly qualified as administrators of decedent Keith Dutton's estate. ECF No. 11. Plaintiffs, the purported Estate Administrators (collectively, "Plaintiffs"), did not respond to the motion by the October 6, 2025 deadline. *See* E.D. Va. Local Civil Rule 7(F)(1). Instead, on October 21, 2025, Plaintiffs filed the second motion that is before the Court, a Motion for Stay in Proceedings and to Permit Substitution of Administrators ("Motion to Stay"). ECF No. 14. Defendants timely filed their Opposition to Plaintiffs' Motion to Stay. ECF No. 15. Plaintiffs did not file a reply.

On August 22, 2025, the parties consented to jurisdiction before the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. ECF No. 6. The undersigned makes this ruling without a hearing pursuant to Fed.

R. Civ. P. 78(b) and E.D. Va. Local Civ. R. 7(J). As such, these motions are now ripe for disposition. For the following reasons, Defendants' Motion to Dismiss, ECF No. 10, is **GRANTED**, and Plaintiffs' Motion to Stay, ECF No. 14, is **DISMISSED AS MOOT**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a fatal motor vehicle collision that occurred on May 8, 2023, in Chesapeake City, Virginia. ECF No. 1 at 6. According to the Complaint, Keith Dutton was the driver of a vehicle traveling eastbound on George Washington Highway near its intersection with Route 17 South. *Id.* Defendant Doe was operating a vehicle traveling southbound on Route 17 South. *Id.* At the time, Doe was an agent, servant, or employee of ASI Transport, LLC and/or All-Span Inc. *Id.* at 9. At approximately 5:38 a.m., Defendant Doe's vehicle collided violently with the side of Mr. Dutton's vehicle. *Id.* at 6. The impact caused severe injuries to Mr. Dutton, who subsequently passed away as a result of his injuries. *Id.*

Plaintiffs initiated this action by filing a Complaint in Chesapeake Circuit Court. ECF No. 1 at 4-10. Plaintiffs allege that the collision and Mr. Dutton's death were the proximate result of Defendant Doe's negligent conduct. *Id.* at 6. They assert four causes of action: Count I asserts a cause of action for negligence against Doe, Count II asserts a cause of action for wrongful death against Doe, Count III asserts a cause of action for survival against Doe, and Count IV asserts a cause of action for negligence against ASI Transport, LLC, and All-Span Inc., under a theory of respondeat superior. *Id.* at 6-9. In the Complaint, Plaintiffs identify themselves as the "Administrators of the Estate of Keith Dutton" but do not specify the jurisdiction in which they were appointed. *Id.* at 5.

2

Defendants removed this action from Chesapeake Circuit Court to this Court on July 22, 2025, pursuant to 28 U.S.C. §§ 1441 and 1446.[1]  *Id.* at 1-3.  On September 22, 2025, Defendants moved to dismiss this action on two grounds: (1) Plaintiffs lack standing because they are not properly qualified as administrators in Virginia, and therefore the Court lacks subject matter jurisdiction; and (2) the Complaint fails to allege that the administrators were qualified in Virginia, and therefore it fails to state a claim upon which relief can be granted.  ECF No. 10 at 1.

After failing to respond to Defendants' Motion to Dismiss, on October 21, 2025, Plaintiffs filed the Motion to Stay, requesting a stay in proceedings "for at least 60 days" to permit the appointment of a qualified administrator in Virginia.  ECF No. 14 at 2.  Plaintiffs acknowledge

---

[1] Whether Defendants' removal of this action was in conformity with 28 U.S.C. § 1446(b)(2) was not contested by Plaintiffs.  Defendants asserted in their Notice of Removal that "Defendant John Doe is a fictitious entity, created by statute[,] Va. Code § 38.2-2206.E[,] for the purpose of triggering uninsured motorist coverage" and is thus only a nominal party whose consent to remove was not necessary.  ECF No. 1 at 2.  However, based on the Complaint, Defendant Doe is not a fictitious entity for purposes of uninsured motorist coverage, but is instead a real individual who has been named in the suit as the primary tortfeasor.  *Id.* at 6-9.  Accordingly, while his name presumably is not yet known to Plaintiffs—but likely is known to Defendants—Defendant Doe is a real person and not a fictitious entity as Defendants assert.

Nonetheless, any failure by Defendants to obtain Defendant Doe's consent to removal would be a procedural defect and, not having been raised by Plaintiffs, is waived.  This Court may remand a case *sua sponte* only based on a jurisdictional defect.  *See* 28 U.S.C. § 1447(c); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198 (4th Cir. 2009) ("Section 1447(c) effectively assigns *to the parties* the responsibility of policing non-jurisdictional questions regarding the propriety of removal, permitting them to assert a procedural defect or to waive the defect if they choose to remain in the federal forum . . . . Consequently, all of the circuit courts that have considered the question have concluded that a district court is prohibited from remanding a case *sua sponte* based on a procedural defect absent a motion to do so from a party.").  Procedural defects in removal—such as the failure of all defendants to consent to removal—are considered waived if not brought by the Plaintiffs on a motion to remand.  *See, e.g., Chamberlain v. 37th Parallel Props. Inv. Grp., LLC*, No. 3:15-cv-80, 2015 WL 1954674, at *1 n.2 (E.D. Va. Apr. 29, 2015) ("Nevertheless, this Court may remand a case *sua sponte* only based on jurisdictional defects . . . and a defendant's failure to consent to removal is a statutory defect rather than a jurisdictional defect." (cleaned up)); *Edwards v. Bank of New York Mellon*, No. 2:14-cv-304, 2014 WL 5594876, at *2 n.2 (E.D. Va. Oct. 31, 2014) ("Accordingly, even if removal was improper without [co-defendant's] consent, the Court cannot remand this case on that basis because Plaintiffs failed to raise the issue in their motion.").  Because Plaintiffs did not challenge the lack of Defendant Doe's consent within thirty days of the filing of the Notice of Removal, this issue has been waived.

that they qualified as Administrators of the Estate of Keith Dutton in Pennsylvania but have not qualified as administrators in Virginia. *Id.* Thus, they request a temporary stay of proceedings "to give them the opportunity to either qualify themselves as Administrators of the Estate of Keith Dutton as outlined by Virginia law, or to have another person so qualified such that the instant case may be pursued." *Id.*

## II. **LEGAL STANDARD**

Federal courts possess limited jurisdiction and may adjudicate only actual "cases" or "controversies" under Article III of the Constitution. *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 458 (4th Cir. 2005). The party invoking federal jurisdiction bears the burden of establishing standing by proving three elements: (1) the plaintiff must have suffered an injury in fact, one that is concrete, particular, and not hypothetical; (2) there must be a causal connection between the alleged injury and the defendant's challenged action; and (3) a favorable decision is likely to redress the alleged injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The court's "ultimate aim" in examining a plaintiff's standing is to "determine whether plaintiff has a sufficiently 'personal stake' in the lawsuit to justify the invocation of federal court jurisdiction." *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 461 (4th Cir. 2005) (quoting *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38 (1976), *cert. denied*, 543 U.S. 1119 (2005)).

Standing is an "integral component" of that requirement and a threshold jurisdictional issue that must be resolved before the merits. *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Thus, if jurisdiction does not exist at the time of filing, "the court's only role is to dismiss the case." *House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 789 (4th Cir. 2019). A dismissal for lack of standing is therefore a dismissal for lack of subject matter jurisdiction and must be without

prejudice. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

A challenge to standing is generally raised under Federal Rule of Civil Procedure 12(b)(1). *Pitt Cnty. v. Hotels.com, L.P.*, 553 F.3d 308, 311 (4th Cir. 2009). In evaluating such a motion, the court may consider evidence outside the pleadings without converting the matter to summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A motion filed under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint. *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006). In considering this motion a court must assume that the facts alleged are true. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Accordingly, "the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). "[T]he court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Virginia's Death by Wrongful Act statute creates a cause of action for wrongful death and authorizes such an action to be "brought by and in the name of the personal representative of such deceased person." Va. Code Ann. §§ 8.01-50(A), -50(C). A "personal representative" includes the administrator of the decedent's estate who has been qualified by a court to hold that position. *Id.* § 64.2-100. A plaintiff may qualify as the administrator for the purpose of bringing an action on behalf of the decedent's estate. *Id.* § 64.2-454. Only a qualified representative has legal capacity to sue on behalf of the decedent's estate. *See Reid v. GEO Grp.*, No. 3:24-cv-309, 2025 WL 1413401, at *5 (E.D. Va. May 15, 2025) ("Thus, a qualified personal representative has standing to file suit for harms suffered by the decedent."); *Ennis v. Poe*, 661 F. Supp. 3d 554, 560 (W.D. Va. 2023) (finding that the administrator of the decedent's estate may bring a wrongful

5

death suit under Virginia law); *see also In re Woodley*, 777 S.E.2d 560, 563 (Va. 2015) (concluding that the "personal representative" of the decedent "plays a pivotal role" in filing a wrongful death suit). Accordingly, where the plaintiff is not a properly qualified administrator or executor under Virginia law, he or she lacks the requisite personal stake to establish Article III standing, and the court lacks subject matter jurisdiction over the action.

## III. <u>DISCUSSION</u>

Under Virginia's Death by Wrongful Act statute, only a qualified "personal representative" of the decedent may bring a wrongful death or survival action. Va. Code Ann. §§ 8.01-50(A), -50(C). A personal representative includes an administrator who has been qualified by a Virginia court to administer the decedent's estate. *Id.* § 64.2-100. The qualification process is more than a formality: it is the legal act that vests an individual with authority to represent a decedent's estate in court. *See In re Woodley*, 777 S.E.2d 560, 563 (Va. 2015) (recognizing that a qualified personal representative of the decedent plays a "pivotal role" in representing the beneficiaries' interests).

Here, Plaintiffs admit that they have not qualified as administrators in Virginia but rather as administrators in Pennsylvania. ECF No. 14 at 2. Because their appointment was not by a Virginia court, they are not "qualified" to act as personal representatives in Virginia for purposes of instituting a wrongful death or survival action under Virginia law. Because Plaintiffs have not qualified in Virginia, they lack the legal capacity to sue on behalf of the decedent Keith Dutton's estate and, therefore, cannot satisfy Article III standing.

Furthermore, a stay of proceedings is not the appropriate remedy. Standing must exist at the time of filing. *See House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 789 (4th Cir. 2019). Even if Plaintiffs were to qualify as administrators in Virginia now, they were not qualified at the time the Complaint was filed in state court or when it was removed to federal court. Their

qualifications as administrators in Virginia now would not cure the defect of a lack of subject matter jurisdiction when the Complaint was filed. Thus, without standing, this Court lacks the requisite subject matter jurisdiction to proceed, and a stay would be improper.

Finally, even if the Court were to reach Defendants' Rule 12(b)(6) argument—which is not necessary as dismissal is warranted for a lack of subject matter jurisdiction, pursuant to Rule 12(b)(1)—dismissal is also warranted because the Complaint fails to allege that Plaintiffs were qualified as administrators in Virginia. A wrongful death or survival action must be brought "by and in the name of the personal representative." Va. Code § 8.01-50(C). Here, the Complaint does not allege that Plaintiffs were so qualified, nor does it attach any evidence of a Virginia court appointing them as qualified administrators. Absent such an allegation, the Complaint fails to state a legally cognizable claim.

Because standing is a jurisdictional prerequisite that must exist at the time of filing, this Court lacks subject matter jurisdiction to proceed. The appropriate disposition is dismissal of the action without prejudice, not a stay.

## IV. **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 10, is **GRANTED,** and this action is **DISMISSED** without prejudice. Furthermore, Plaintiffs' Motion to Stay, ECF No. 14, is **DISMISSED AS MOOT**.

The Clerk is **DIRECTED** to forward this Order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
November 17, 2025

7